## METAL STAMPING CO. v. GERHAB.

(Circuit Court, E. D. Pennsylvania. August 1, 1910.)

No. 8.

PATENTS (§ 328*)—INFRINGEMENT—THILL COUPLING.

The A. H. Worrest patent, No. 662,050, for improvements in thill-coupling, embracing a spring attached to a moving jaw or dog and to a lever, held. not infringed by defendant's patent of a thill-coupling embracing a spring, patented December 18, 1906.

In Equity. Bill by the Metal Stamping Company against Lena Gerhab. Bill dismissed.

Samuel G. Metcalf and Wm. A. Megrath, for complainant.
Howard P. Denison and Francis T. Chambers, for defendant.

HOLLAND, District Judge. This suit was brought to restrain infringement of letters patent No. 662,050, granted November 20, 1900, to Alfred H. Worrest, for improvements in thill-couplings. This patent was assigned by the patentee to the complainant company.

The defenses set up are: (1) Complainant's patent is a mere paper patent; inoperativeness; and abandonment of the coupling attempted

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to be made under it. (2) Prior use. (3) Invalidity by reason of the prior patent art. (4) Noninfringement.

The defense of noninfringement should be sustained. We do not think it necessary to consider any of the other defenses, further than to examine into the prior art, for the purpose of ascertaining the exact extent of the improvement made by the complainant's patentee in the patent in suit.

The complainant's patent, as claimed by the defense, is a mere paper patent. It was never of any practical use, as the shape of the spring was such as to cause them to break, and hence was abandoned as a failure so far as the public was concerned. The invention, as set forth in the specifications—

"relates to improvements in thill-couplings wherein the wear of the coupling bolt is automatically taken up, and the objects are (1) to close the opening in the thill iron where through the coupling-bolt is connected to the thill by a dog, which automatically takes up the wear of the bolt; (2) to control the dog through a mechanism that is, when in use, practically unobservable; (3) to control the loop through the flat curve spring; (4) to control the spring that closes and holds the dog through a lever, the free end of which swings forward in close relation to the thill iron; (5) to close the dog by the lever that automatically prevents said dog from opening."

The claims which it is alleged the defendant infringes are 2, 3, and 6, and are as follows:

"2. The combination, in a thill-coupling, of the coupling-bolt, a hook-eye connected with the thill and having the opening in the under side, a pivoted dog adapted to enter said opening and engage the coupling-bolt, a lever separated from the dog, and a spring having one end pivoted to the dog and the other end pivoted to the lever, for the purpose specified.

"3. The combination, in a thill-coupling, of the coupling-bolt, a hook-eye connected with the thill and having the opening in the under side, a pivoted dog having a lip thereon and adapted to enter said opening and engage the coupling-bolt, a lever separate from the dog, and a spring having one end pivoted to the lip of the dog and the other end secured to the lever, for the purpose specified."

"6. The combination, in a thill-coupling, of the coupling-bolt, a hook-eye connected with the thill and having the opening in the under side, a dog pivoted below said bolt, a lever fulcrumed to the thill and in front of the dog, a downwardly-curved spring having one end pivoted to the dog below the pivot of said dog and the other end pivoted to the lever between the dog and the fulcrum of said lever, for the purpose specified."

The essential elements of these claims are (1) a coupling-bolt; (2) a hook-eye connected with the thill and having the opening in the under side; (3) a pivoted dog attached to enter said opening and engage the coupling-bolt; (4) a lever separated from the dog; (5) a spring having one end pivoted to the dog and the other end pivoted to the lever; (6) the lever fulcrumed to the thill and in front of the dog.

All these elements appear in the prior patents. In the Worrest patent, No. 646,531, issued April 3, 1900, there appears (1) a coupling-bolt; (2) a hook-eye connected with the thill and having the opening in the under side; (3) a pivoted dog adapted to enter said opening and engage the coupling bolt; (4) arms separated from the dog; (5) a spring having one end pivoted to the lever or arms. The

other end, however, of the spring is riveted to the dog, but operates in effect the same as the spring end pivoted to the dog in the patent in suit. The Bradley patent, No. 646,568, issued April 3, 1900, differs from the prior Worrest patent, issued the same date, in that the moving jaw or dog is not adapted to enter the opening and engage the coupling-bolt.

All the elements found in the patent in suit were found in the early Worrest patent, with the exception of the shape of the spring; and, if the patent in suit is to be sustained, it must be restricted to the precise form of the spring shown in the drawings, and, being so restricted, the defendant's spring does not infringe. It is claimed, and we think satisfactorily so, that this form resulted in the breaking of the spring so frequently that the article never went into public use. The defendant's spring, however, is manufactured under a patent issued to it on December 18, 1906, by the United States Patent Office subsequent to the issuance of the patent in suit. The presumption is not only in favor of the validity of the patent because of this fact, but the evidence in the case shows very decidedly that it is regarded as a valuable thill-coupling by the general public as it has gone into general use.

The defendant's patent has a fixed jaw, called a hook-eye, and a movable jaw or dog, a spring attached to the movable jaw or dog, and to a lever, the same, or similar, to those found in the complainant's coupling. These, we think, are all found in the prior art and are common property. The spring of the complainant, however, differs from those found in the prior art, and the defendant's spring differs from that of the complainant. The coupling as made by the complainant failed to engage the public attention. It was not regarded as satisfactory, because of the tendency of the spring to break. The defendant's spring, which is in the form of a compound curve, so as to increase the resiliency and distribute the strain throughout its entire length, is found to be very durable and safe as a thill-coupling. The centralizing of the spring's tension at any one point, which occurs in a spring having a uniform circular or bow-shaped curve extending from end to end, is avoided by the use of the curve-shaped spring.

The difference, as frequently occurs in patent cases, is very small, but apparently in this case sufficient to turn a failure into a success. The complainant's coupling has failed to perform the work for which it is intended and is not being generally used, while the defendant's coupling is a success and in general public demand and in public use.

We conclude that the defense of noninfringement is sustained, and the bill should therefore be dismissed, with costs.